JAMES J. MAHONEY, Petitioner

v.

AMERICAN SAMOA GOVERNMENT, Respondent

High Court of American Samoa
Trial Division

CA No.088-84

August 20, 1985

Before GARDNER, Chief Justice, Presiding, and TAUANU'U, Chief Associate Judge.

Counsel: For the Petitioner, John Ward
For the Defendant, Donald Greismann, Assistant Attorney General, Phyllis Coven, Aviata Fa'alevao, and Martin Yerick

Petitioner has moved for declaratory judgment on the authority of A.S.G. to lay and collect an income tax on an employee of D.O.I. whose salary is paid from Washington for services rendered in this territory. He contends that A.S.G. lacks authority to tax such income. His contentions may be summarized as follows: The power to tax in a Territory must be delegated by Congress by an organic act. The Territory has no such Act. Instead is administered by the Executive Branch of the U.S. Government. Thus, it has no independent authority to tax incomes.

The answer is, of course, that Congress has delegated full powers of governance, Legislative, Executive, and Judicial, to the President of the United States acting through the Secretary of the Interior. 48 U.S.C. sec. 1661 (c) provides that "until Congress shall provide for the Government of this Territory all civil, judicial and military powers shall be vested in such person or persons and shall be exercised in such manner as the President of all United States shall direct." Congress need not pass an Organic Act. It has delegated all powers of governance, without reservation, to the President. Rather obviously this must include the power to tax because without such power Government cannot exist.

As the court noted in William vs. A.S.G., 2 A.S.R. 2d 9

(1984), Congress has entrusted the governance of this Territory to the Department of the Interior which has approved the constitution and all laws promulgated under that constitution.

There is no need for a special congressional authorization. The general authorization suffices.

Actually, this exact issue has been before the Appellate Division of this court in Butler vs. G.A.S., App. 45-72 which held that "the Secretary of the Interior through the President, as the lawful delegate of legislative power for American Samoa, stands in the shoes of Congress and similarly, has authority to impose such a tax scheme." Butler, page 9.

Butler held that although the Fono does legislate in accordance with our constitution, it legislates subject to the direct control of the Secretary of the Interior and that "all legislative power is vested in the Secretary of the Interior."

Congress having delegated all legislative power to the Secretary of the Interior via the President. That being so there is no need for an organic act authorizing legislation. This legislation is valid.[1]

Motion for declaratory judgment denied.

---

1. For an interesting discussion see The Validity of the Incorporation by Reference of the United States Tax Laws, Including Those To Be Passed In The Future, By the Legislature of American Samoa by Eni Hunkin which appears in Volume 3, number 3, October 1975, the Samoan Pacific Law Journal.